| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 13-01704-SJO (Ex)  **DATE:** March 21, 2013

**TITLE:** California Golden Land Investment, Inc. v. Elizabeth R. Venegas, et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                   Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**       **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendant Elizabeth R. Venegas's ("Defendant") Notice of Removal ("Second Notice"), filed March 11, 2013. For the following reasons, the Court **REMANDS** this action to Los Angeles County Superior Court.

I.      BACKGROUND

On May 21, 2012, California Golden Land Investment, Inc. ("Plaintiff") initiated this unlawful detainer action in Los Angeles County Superior Court. (*See generally* Second Notice Ex. 4 ("Complaint").) Plaintiff alleges that Defendant is unlawfully possessing the property located at 712 South Aldenville Avenue, Covina, California after being served with a Notice to Quit pursuant to California Code of Civil Procedure section 1161a. (Compl. ¶¶ 5-7.) Proceeding *pro se*, Defendant removed the action to this Court on January 9, 2013, pursuant to 28 U.S.C. §§ 1332, 1441, 1443, and 1446. (Notice of Removal ("First Notice"), at 9, *Cal. Golden Land Inv., Inc v. Venegas*, No. CV-13-0160-SJO (C.D. Cal. Jan. 9, 2013).) The Court found that Defendant had failed to establish federal subject matter jurisdiction and remanded the action back to state court. (*See generally* Order Remanding Action ("Order"), *Cal. Golden Land Inv., Inc v. Venegas*, No. CV-13-0160-SJO (C.D. Cal. Feb. 22, 2013), ECF No. 7.) On March 11, 2013, Defendant removed the action to this Court on the same grounds as in the First Notice, namely diversity jurisdiction, federal question jurisdiction, and civil rights jurisdiction.[1] (*See generally* Second Notice.)

///
///

---

[1] Defendant also lists as the basis for jurisdiction several federal statutes governing securities. These statutes do not, by themselves, confer jurisdiction. For the purposes of this analysis, the Court deems those statutes to be the basis for Defendant's counterclaims.

Case 2:13-cv-01704-SJO-PLA Document 7 Filed 03/21/13 Page 2 of 2 Page ID #:104

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** CV 13-01704-SJO (Ex)     **DATE:** March 21, 2013

II.     <u>DISCUSSION</u>

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court is mandated to remand the case. 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). As such, the Court finds it appropriate to determine whether subject matter jurisdiction exists here.

Under the removal statute, an action is removable to federal court only if it could have been originally filed in federal court. 28 U.S.C. § 1441(a). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This presumption against removal is consistent with the notion that federal courts are courts of limited jurisdiction, possessing "only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted). Where a court has previously remanded a removed action due to a defendant's failure to meet its burden, a second removal is permissible only if "subsequent pleadings or events reveal a new and different ground for removal." *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991) (internal quotation marks and citations omitted). A party cannot remove a case twice based on the same grounds. *Aurora Loan Serv. LLC v. Cortez*, ED CV 10-1508 PA JEM, 2010 WL 4009391 at *2 (C.D. Cal. Oct. 12, 2010).

Here, the Second Notice does not include new grounds for removal. Rather, it merely repeats, in more detail, the same counterclaims alleged in the First Notice. As explained in the Order, "Defendant's counterclaims are insufficient to establish that removal based on federal question jurisdiction is proper." (Order 2.) Federal question jurisdiction can never be based on a defendant's counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Further, it does not appear from the record that any new pleadings or events occurred after the action was remanded that revealed a new ground for removal. Defendant's attempt to remove the case for a second time on the same grounds is therefore improper.

III.     <u>RULING</u>

For the foregoing reasons, the Court **REMANDS** this action to the Superior Court of California for the County of Los Angeles. This action shall close.

IT IS SO ORDERED.

cc: order, docket, remand letter to Los Angeles Superior Court, West Covina

No. 12U00753